IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                              Case No. 4:19-cr-00026 KGB

TERRY PORTER                                                                DEFENDANT

**ORDER**

Before the Court is defendant Terry Porter's *pro se* motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) (Dkt. No. 108). The government responded in opposition to the motion (Dkt. No. 113). Mr. Porter replied to the response (Dkt. No. 117). The Court denies the motion as moot, given that Mr. Porter was no longer in the custody of the federal Bureau of Prisons ("BOP") as of October 27, 2023. *See* Bureau of Prison Website, https://www.bop.gov/inmateloc/ (last accessed June 1, 2025). Regardless, even if Mr. Porter remained in the custody of the federal Bureau of Prisons, this Court would deny without prejudice Mr. Porter's motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) based on the record before the Court (Dkt. No. 108).

**I.      Background**

On October 4, 2021, Mr. Porter pled guilty to distribution of less than 28 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Dkt. Nos. 85, 86). On June 13, 2022, this Court sentenced Mr. Porter to 24 months of imprisonment in the BOP (Dkt. Nos. 99, 100).

In the pending motion, Mr. Porter states that the Court should grant him compassionate release based primarily on his medical condition of post-traumatic stress disorder ("PTSD") for which he asserts that he is not receiving treatment (Dkt. No. 108, at 2). Mr. Porter states that, if released, he could obtain medication and mental health treatment from the Veterans Administration ("VA") Hospital (*Id*.). Mr. Porter asserts that he lived in the community while on

pre-trial release for three and a half years without incident, does not pose a danger to the community, and has a stable residence (*Id.*, at 3).  Mr. Porter states that he is a low risk for recidivism (*Id.*, at 4).

Mr. Porter's motion did not assert that he has submitted a request for compassionate release to the warden of the BOP facility where he is housed.  Mr. Porter's motion appeared to seek a waiver of the exhaustion process by asking the "[C]ourt to find the Administrative Exhaustive process if enforced would have or could reasonably be taken to have a substantial affect on Petitioner's health, [and] safety" (*Id.*, at 5).

The government contests this Court's jurisdiction to resolve the motion (Dkt. No. 113, at 2-3).  Specifically, the government argues that the Court lacks jurisdiction because Mr. Porter did not exhaust his administrative remedies (*Id.*).  Additionally, the government argues that compassionate release is not warranted in this case (*Id.*, at 3-8).

Mr. Porter replied to the government's response and provided an email that he sent to the Warden on April 3, 2023, requesting that the Warden "pursuant to section 604 of the [First Step Act] of 2018, the amended title 18 [U.S.C.] 3582(c)(1)(a)(i), thus granting the warden the authority to let my request for a motion filed on my behalf to remain outstanding for at least 30 days. . . this authority if, invoked would enable the court of appropriate jurisdiction to [grant] me the respective relief. [compassionate release ]." (Dkt. No. 117, at 1).  In the email, Mr. Porter asserts that he meets the requirements for eligibility to qualify for a sentencing modification (*Id.*).  In a handwritten paragraph following the email sent to the Warden on April 3, 2023, Mr. Porter writes what appears to be a note to this Court.  Mr. Porter writes, "April 28, 2023 I['m] putting this in the mail by the time you receive this it will be the thirty days that [I] had to wait." (*Id.*).

**II.     Discussion**

On the record before the Court, Mr. Porter did not submit a request for compassionate release to the BOP until after he filed his motion.  Further, the Court is uncertain based on the record before it whether the Warden responded to Mr. Porter's request for compassionate release within the 30 days because 30 days had not elapsed when Mr. Porter mailed his reply to the Court.  The government raised properly Mr. Porter's failure to exhaust his administrative remedies.  Accordingly, on the current record the Court would deny without prejudice any request by Mr. Porter for compassionate release and decline to address the merits of any such request.

**III.    Conclusion**

For these reasons, the Court denies as moot Mr. Porter's motion (Dkt. No. 108).

It is so ordered this 2nd day of June, 2025.

_Kristine G. Baker_
Kristine G. Baker
Chief United States District Judge